**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO.:**

TAKETRA CLARK,

    Plaintiff,

v.

CUTTING EDGE STAFFING, LLC; and
BANYAN TREATMENT & RECOVERY, LLC,
d/b/a BANYAN TREATMENT CENTER,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, TAKETRA CLARK ("Plaintiff") pursuant to *29 U.S.C. § 2601, et. seq.*, and *29 U.S.C. § 216(b)*, files the following Complaint for Damages and Demand for Jury Trial against Defendants, CUTTING EDGE STAFFING, LLC ("CUTTING EDGE") and BANYAN TREATMENT & RECOVERY, LLC, d/b/a BANYAN TREATMENT CENTER ("BANYAN") (CUTTING EDGE and BANYAN hereinafter collectively referred to as "Defendants"), and alleges the following:

**INTRODUCTION**

1. Defendants unlawfully deprived Plaintiff of her federal rights pursuant to the Family Medical Leave Act ("FMLA"). This is an action to recover all equitable relief, front pay, back pay, liquidated damages, declaratory relief, and other lost benefits owed to Plaintiff arising from Defendants' wrongful discharge of Plaintiff while she was taking protected FMLA leave.

Plaintiff also seeks recovery of unpaid federal overtime wages that Defendant failed to pay her during her employment period.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of the Southern District of Florida, over the age of eighteen (18) years, and otherwise *sui juris*.

3. During all times material hereto, CUTTING EDGE was a Florida limited liability company operating its business in the State of Florida, with its principal place of business at 950 N. Federal Highway, #115, Pompano Beach, Florida 33062.

4. Defendant, CUTTING EDGE, regularly and recurrently conducts and operates its business within this jurisdiction, throughout South Florida.

5. During all times material hereto, CUTTING EDGE was vested with ultimate control and decision-making authority over hiring, firing, pay policies and disciplinary actions as it related to Plaintiff.

6. Defendant, CUTTING EDGE was an employer covered by the FMLA, because (a) it was engaged in commerce in an industry affecting commerce, and (b) it was an employer that employed fifty (50) or more employees where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks, prior to the time period in which Plaintiff sought leave under the FMLA.

7. CUTTING EDGE was Plaintiff's employer, as defined by the FMLA.

8. During all times material hereto, BANYAN was a Florida limited liability company operating its business in the State of Florida. BANYAN's shares the exact principal place of business as CUTTING EDGE, located at 950 N. Federal Highway, #115, Pompano Beach, Florida 33062.

9. Defendant, BANYAN, regularly and recurrently conducts and operates its business within this jurisdiction, throughout South Florida.

10. During all times material hereto, BANYAN was also vested with ultimate control and decision-making authority over hiring, firing, pay policies, and disciplinary actions as it related to Plaintiff.

11. Defendant, BANYAN was an employer covered by the FMLA, because (a) it was engaged in commerce in an industry affecting commerce, and (b) it was an employer that employed fifty (50) or more employees where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks, prior to the time period in which Plaintiff sought leave under the FMLA.

12. CUTTING EDGE was also Plaintiff's employer, as defined by the FMLA, because (a) it was engaged in commerce in an industry affecting commerce, and (b) it was an employer that employed fifty (50) or more employees where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks, prior to the time period in which Plaintiff sought leave under the FMLA.

13. Plaintiff was an employee entitled to leave under the FMLA, based on the facts that she (a) suffered a qualifying serious health condition under the FMLA; (b) was employed by Defendants for at least twelve (12) months; and (c) worked at least one thousand two hundred and fifty (1,250) hours during the relevant 12-month period prior to when she sought to exercise her rights to FMLA leave. Indeed, Plaintiff was approved for FMLA leave on March 16, 2021.

14. Defendant, CUTTING EDGE, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

15. Defendant, BANYAN, was also Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

16. CUTTING EDGE and BANYAN were Plaintiff's integrated employer during all times material hereto.

17. CUTTING EDGE and BANYAN were Plaintiff's joint employer during all times material hereto.

**JURISDICTION AND VENUE**

18. All acts and/or omissions giving rise to this dispute took place within Broward County, Florida, within the jurisdiction of this Honorable Court.

19. Jurisdiction is proper within the Southern District of Florida pursuant to 28 U.S.C. §§ 1331 and 1337.

20. Venue is proper within the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2).

**FLSA COVERAGE**

21. Defendant, CUTTING EDGE, is covered under the FLSA through enterprise coverage, as CUTTING EDGE was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, CUTTING EDGE engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. CUTTING EDGE business and Plaintiff's work for CUTTING EDGE affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

22. During his employment with CUTTING EDGE, Plaintiff, and other employees, handled and worked with various goods and/or materials that moved through interstate commerce,

including, but not limited to the following: telephones, pens, notepads, computers, cellular telephones, order forms, tape, post-it notes, paper, paper clips, staples, pencils, permanent markers, calendars, calculators, folders, masks, gloves, and other office materials items.

23.     CUTTING EDGE also regularly employed two (2) or more employees for the relevant time period, who handled goods or materials similar to those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making CUTTING EDGE's business an enterprise covered by the FLSA.

24.     Upon information and belief, Defendant CUTTING EDGE grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020, and is expected to gross in excess of $500,000.00 in 2021.

25.     Defendant, BANYAN, is covered under the FLSA through enterprise coverage, as BANYAN was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, BANYAN engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. BANYAN'S business and Plaintiff's work for BANYAN affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

26.     During her employment with BANYAN, Plaintiff, and other employees, handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: telephones, pens, notepads, computers, cellular telephones, order forms, tape, post-it notes, paper, paper clips, masks, gloves, staples, pencils, permanent markers, calendars, calculators, folders, and other office materials items.

27. BANYAN also regularly employed two (2) or more employees for the relevant time period, who handled goods or materials similar to those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making BANYAN's business an enterprise covered by the FLSA.

28. Upon information and belief, Defendant, BANYAN, grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020, and is expected to gross in excess of $500,000.00 in 2021.

29. During her employment with Defendants, Plaintiff was regularly and recurrently involved in interstate commerce, or in work directly related to instrumentalities of interstate commerce, or in the maintenance of instrumentalities of interstate commerce, and is therefore covered under the FLSA through individual coverage. More specifically, Plaintiff regularly and recurrently had telephonic conversations with insurance providers that were located outside of Florida and was thus individually engaged in interstate commerce during the relevant time period.

30. During her employment with Defendants, Plaintiff (i) was paid on an hourly basis; (ii) did not have supervisory authority over any individuals; (iii) did not make decisions of importance on behalf of Defendants, and (iv) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

31. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, within the meaning of the FLSA.

## JOINT ENTERPRISE COVERAGE

32. During all times material hereto, Defendants CUTTING EDGE and BANYAN performed substantially related activities, as both corporate entities focused their operation on providing detox and intensive outpatient services to assist individuals with drug addiction.

33. Defendants, CUTTING EDGE and BANYAN used central management and/or common control to effectuate the business needs and goals of both entities.

34. Moreover, Defendants, CUTTING EDGE and BANYAN were engaged in offering substantially the same or similar services to their clients, customers, patients and employees.

35. Defendants, CUTTING EDGE and BANYAN also shared a common business purpose during all times material hereto.

36. During all times material hereto, Defendant, BANYAN relied upon CUTTTING EDGE's assistance in its operations and vice-versa.

37. During all times material hereto, supervisors for BANYAN managed and supervised CUTTING EDGE employees, and vice-versa.

38. Upon information and belief, the gross revenue of Defendants, CUTTING EDGE and BANYAN, was collectively in excess of $500,000.00 in 2018, 2019, 2020 and are expected to collectively gross in excess of $500,000.00 in 2021.

39. Defendants, CUTTING EDGE and BANYAN intermingle resources, finances, employees and supplies to provide services and resources to their clients, customers and employees.

40. On their respective Sunbiz pages, Defendants, CUTTING EDGE and BANYAN both identify 950 N. Federal Highway, #115, Pompano Beach, Florida 33062 as their principal place of business. CUTTING EDGE and BANYAN operate together out of this shared address in furtherance of their joint enterprise.

41. Moreover, Joseph Tuttle is the registered agent and owner of both Corporate Defendants.

42. During all time periods hereto, Defendants, CUTTING EDGE and BANYAN, maintained control over the day-to-day operations of CUTTING EDGE and BANYAN, including the payroll, human resources, hiring, firing, and scheduling of duties.

## GENERAL ALLEGATIONS

43. Defendant, CUTTING EDGE, is a South Florida based staffing and recruiting firm. *See https://www.cersnow.com* (last visited May 14, 2021).

44. Defendant, BANYAN owns and operates fourteen (14) detox and mental health services programs throughout the country. *See linkedin.com/company/banyan-treatment-center/* (last visited May 19, 2021).

45. Plaintiff worked for CUTTING EDGE and BANYAN as a medical information collector from February 2017 until her unlawful termination on May 4, 2021.

46. From February 2017 until in or around August 2019, Plaintiff worked approximately forty-five (45) hours per week.

47. From in or around August 2019 until in or around August 2020, Plaintiff worked approximately thirty (30) hours per week.

48. Plaintiff resumed working about forty-five (45) hours per week, at a rate of $18.00/hour, from in or around August 2020 until she began her FMLA leave on or about March 21, 2021.

49. During one (1) or more workweek within the previous three (3) years, Defendants failed to pay Plaintiff overtime wages for the work she performed in excess of forty (40) hours per week.

50. Defendant's payroll records during the relevant time period do not accurately reflect the hours that Plaintiff actually worked.

51. Throughout her entire employment period, Plaintiff never received disciplinary actions, reprimands, or negative performance reviews.

52. On or about March 5, 2021, Plaintiff suffered injuries from a serious car accident, which caused her to suffer three herniated discs and severe pain.

53. As a result, Plaintiff applied to Defendants for FMLA leave on or about March 16, 2021.

54. On or about March 21, 2021, Defendants approved Plaintiff's FMLA leave request through May 6, 2021.

55. On or about May 4, 2021, while Plaintiff was taking approved FMLA leave and attempting to recuperate from her injuries, Defendants contacted her without warning, and terminated her employment.

56. Defendants gave no explanation for the termination despite Plaintiff's request for same.

### COUNT I – UNLAWFUL INTERFERENCE UNDER THE FMLA
**(against both Defendants)**

57. Plaintiff hereby incorporates and re-alleges the allegations set forth within Paragraphs 1 through 56 above.

58. At all times relevant hereto, Plaintiff was protected by the FMLA.

59. At all times relevant hereto, Defendants interfered with Plaintiff's FMLA protected leave.

60. As a result of Defendants' intentional, willful and unlawful interference with Plaintiff's protected FMLA leave, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

61.     As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, TAKETRA CLARK, demands judgment against Defendants, CUTTING EDGE STAFFING, LLC, and BANYAN TREATMENT & RECOVERY, LLC, d/b/a BANYAN TREATMENT CENTER, and demands damages for back pay, front pay, an equal amount of liquidated damages, other damages and lost benefits provided for under the FMLA, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that the Court determines to be just and appropriate.

## COUNT II – UNLAWFUL RETALIATION UNDER THE FMLA
### (against both Defendants)

62.     Plaintiff hereby incorporates and re-alleges the allegations set forth within Paragraphs 1 through 56 above.

63.     At all times relevant hereto, Plaintiff was protected by the FMLA.

64.     At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

65.     Defendants retaliated against Plaintiff when Defendants terminated Plaintiff while she was absent from work for approved FMLA leave.

66.     Defendants do not have a lawful reason for terminating Plaintiff, and any alleged lawful reason Defendants furnishes for Plaintiff's termination is pretextual and false.

67.     At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendants acted with the intent to retaliate against Plaintiff because Plaintiff exercised her right to take leave pursuant to the FMLA.

68. As a result of Defendants' intentional, willful and unlawful retaliation against Plaintiff, and termination of Plaintiff while she was taking federally protected FMLA leave, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

69. As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, TAKETRA CLARK, demands judgment against Defendants, CUTTING EDGE STAFFING, LLC, and BANYAN TREATMENT & RECOVERY, LLC, d/b/a BANYAN TREATMENT CENTER, and demands damages for back pay, front pay, an equal amount of liquidated damages, other damages and lost benefits provided for under the FMLA, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that the Court determines to be just and appropriate.

## COUNT III – FEDERAL OVERTIME LAW VIOLATIONS – 29 U.S.C. § 207
(against both Defendants)

70. Plaintiff re-avers and re-alleges Paragraphs 1 through 56 above, as though fully set forth herein.

71. During one (1) or more workweek within the previous three (3) years, Plaintiff performed work for Defendants for which she should have received time-and-one-half for work excess of forty (40) per week.

72. Plaintiff worked approximately forty-five (45) hours per week between May 19, 2018 and August 2019.

73. Plaintiff resumed working approximately forty-five (45) hours per week between August 2019 and March 21, 2021.

74. Defendants failed to compensate Plaintiff at the applicable overtime rates for all of the overtime hours worked by Plaintiff.

11

75. Defendants' failure to comply with the federal overtime provisions of the FLSA was intentional and/or willful.

76. To date, Defendants have not properly paid Plaintiff all of her overtime as required by the FLSA.

77. As a result of Defendants' refusal to remedy their violations of the FLSA, Plaintiff is entitled to recover unliquidated damages, liquidated damages, court costs and reasonable attorney's fees.

WHEREFORE, Plaintiff, TAKETRA CLARK, demands judgment against Defendants, CUTTING EDGE STAFFING, LLC, and BANYAN TREATMENT & RECOVERY, LLC, d/b/a BANYAN TREATMENT CENTER, and respectfully requests that she be awarded the following relief: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorneys' fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, TAKETRA CLARK, requests and demands a trial by jury on all appropriate claims.

**Dated this 19th day of May 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
805 East Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Tel: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Melissa@jordanrichardspllc.com
Jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on May 19, 2021.

By: *Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**